UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

K.T., Individually and as Parent and Natural Guardian
of her Infant Children, John Doe and Jane Doe,

           Plaintiffs,                                ANSWER

-against-

                                                        1:22-cv-230

BOARD OF EDUCATION OF QUEENSBURY UNION FREE      (TJM/CFH)
SCHOOL DISTRICT, QUEENSBURY UNION FREE SCHOOL
DISTRICT, SUPERINTENDENT KYLE GANNON, In His
Individual and Official Capacity, ASSISTANT SUPERINTENDENT
AMY GEORGEADIS, In Her Individual and Official Capacity,
ASSISTANT SUPERINTENDENT DENISE TROELSTRA,
In Her Individual and Official Capacity, KENNETH BEE,
In His Individual and Official Capacity, MONIQUE AGANS,
In Her Individual and Official Capacity, MICHAEL BRANNIGAN,
In His Individual and Official Capacity,

           Defendants.

---

     Defendants by and through their Attorneys, Bartlett, Pontiff, Stewart & Rhodes, P.C., as and for an Answer to the Plaintiff's Complaint herein sets forth the following:

1. Defendants deny each and every allegation contained in Paragraphs numbered 8, 9, 10, 11, 12, 19, 26, 29, 30, 31, 33, 60, 61, 62, 63, 64, 65, 66, 67, 68, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 113, 114, 115, 116, 117, 118, 119, 123, 125, 126, 127 and 128 of the Plaintiff's Complaint herein.

2. Defendants admit the allegations contained in 1, 27, 44, 46, 47, 48, 49, 50, 51, 53, 54 and 58 of the Plaintiff's Complaint herein.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs numbered 2, 3, 5, 6, 7, 24, 25, 28, 34, 35, 36, 37, 38, 39, 40, 41, 45 and 59 of the Plaintiff's Complaint herein.

4. In response to the allegations contained in Paragraphs numbered 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 32, 55, 56, 57, 70, 81, 83, 84 and 85, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity and refer to the statutes, case law and regulations which are referenced in said Paragraphs for the true and correct content therein.

5. In response to the allegations contained in Paragraph 4 of the Plaintiff's Complaint, Defendants admit that Kenneth Bee was the driver and deny each and every other allegation contained therein.

6. In response to the allegations contained in Paragraph 42 of the Plaintiff's Complaint, Defendants admit so much of said Paragraph as alleges that Karla Williams Buettner, Esq. works for Bartlett, Pontiff, Stewart & Rhodes, P.C. and appeared at the administrative hearing but denies each and every other allegation contained therein.

7. In response to the allegations contained in Paragraph 43, Defendants admit Child Protective Services were called but deny each and every other allegation contained therein.

8. In response to the allegations contained in Paragraph 52, Defendants admit so much of said Paragraph as alleges Defendant Kenneth Bee was a school bus driver and lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained therein.

9. In response to the allegations contained in Paragraph numbered 111, Defendants admit Plaintiff has protected free speech rights and deny each and every other allegation contained therein.

10. In response to the allegations contained in Paragraph 112, Defendants admit so much of said Paragraph as alleges Plaintiff has made complaints but deny the allegations of a hostile education environment.

11. In response to the allegations contained in Paragraph 121, Defendants admit so much of said Paragraph as alleges the Plaintiff spoke up regarding her children and deny each and every other allegation contained therein.

12. In response to the allegations contain in Paragraph 122, Defendants admit so much of said Paragraph as alleges there is a case or controversy and denies each and every other allegations contained therein.

13. Defendants repeat and reallege the foregoing admission and denials as though more fully set forth herein in response to the allegations contained in Paragraphs numbered 69, 82, 98, 110 and 120 of Plaintiff's Complaint herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff has failed to exhaust available administrative remedies prior to commencing the within action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. The Complaint fails to name a necessary party to the action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. The actions alleged by Plaintiff in the Complaint are not sufficient to invoke the protections afforded by Title IX.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff's damages, if any, have been reimbursed in whole or in part by collateral sources and any award for such damages should be reduced accordingly.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. As to the Fourth and Fifth causes of action, upon information and belief, Plaintiff KT voluntarily entered into the referenced agreement with the advice and consent of her then counsel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint violates Federal Civil Rule 8(d)(1) and Federal Civil Rule 10(b).

WHEREFORE, the Defendants demand judgment dismissing the Plaintiff's Complaint and awarding them the costs and disbursements of this action.

Dated: April 28, 2022

BARTLETT, PONTIFF, STEWART
& RHODES, P.C.

By: _____
Malcolm B. O'Hara, Esq. Of counsel
Bar Roll No.: 301017
*Attorneys for Defendants*
One Washington Street, PO Box 2168
Glens Falls, New York 12801
(518) 792-2117
mbo@bpsrlaw.com

TO: Ryan Finn, Esq.
Finn Law Offices
*Attorneys for Plaintiffs*
12 Sheridan Avenue
P.O. Box 966
Albany, New York 12201
Tel. No.: (518) 928-1152
ryan@lawfinn.com

709826